IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK J. ELLERBE,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-0407 |
| : | |
| **JUDICIAL COUNCIL FOR THE** : | |
| **THIRD CIRCUIT,** *et al.*, : | |
|     Defendants. : | |

<u>**MEMORANDUM**</u>

**BAYLSON, J.**                                                             **FEBRUARY 22, 2023**

      Derrick J. Ellerbe, a frequent *pro se* litigator in this Court who is subject to a filing restrictions, has filed this action asserting claims against the Judicial Council for the Third Circuit and "the Circuit Executive." Ellerbe also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ellerbe leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

      Ellerbe alleges constitutional violations and seeks an investigation as well as declaratory, injunctive, and mandamus relief against the named Defendants asserting that his filings "are rejected" and he is being "denied access to the Judicial Council of the Third Circuit, which means that they are not exercising supervisory authority or they are a part of a conspiracy." (Compl. at 4.) He asserts his filings in the United States Court of Appeals for the Third Circuit are "disregarded and treated as jokes" and that "constitutional rights, fraud and misrepresentation is an everyday thing in this Courthouse." (*Id*.) He believes that court personnel he encounters

---

[1] The factual allegations are taken from Ellerbe's Complaint (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

"do not understand Federal nor State Law or rules of procedure, and they probably do no work for the Courthouse, their [sic] brought in to perpetrate fraud and misrepresentation." (*Id*.) He complains that "they refuse to follow court rules in the District Court nor the Third Circuit, they have fraudulent orders printed-up to try and get me to believe that I am not allowed to file because of Court Orders that actually don't exist." (*Id*.)

Material to these allegations is the fact that Ellerbe is subject to filing restrictions in this Court that do exist. Those restrictions are a consequence of his repeatedly filing civil actions concerning vast governmental conspiracies to kidnap and harass him. *See Ellerbe v. The U.S. Government*, No. 21-3806 (E.D. Pa.) (imposing prefiling injunction); *Ellerbe v. The President of the U.S.*, No. 20-211 (E.D. Pa.) (imposing prefiling injunction); *see also Ellerbe v. United States Department of Justice*, No. 22-4514, 2022 WL 17177645, at*4 (E.D. Pa. Nov. 23, 2022) ("Like his numerous other claims, the basis for Ellerbe's claims . . . again arise from his delusional assertion that the was kidnapped by government agents."). Ellerbe has been enjoined from filing any new proceeding or action raising any claims previously made that he was followed, harassed, kidnapped, or held captive by governmental agents. *Ellerbe*, No. 20-211, ECF No. 6. Further, the Clerk of Court has been directed to refuse to accept any such a pleading from Ellerbe. *Ellerbe*, No 21-3806, ECF No. 4. Following the entry of the injunction, the Clerk of Court repeatedly returned filings to Ellerbe that fell within the scope of the injunction order.

The Court also notes that Ellerbe's attempts to obtain mandamus and other relief from the United States Court of Appeals for the Third Circuit have recently been dismissed. *See In re Ellerbe*, No. 22-3102, 2023 WL 355687, at *1 (3d Cir. Jan. 23, 2023) (denying writ of mandamus to compel this Court to proceed on "several actions" that the Clerk of Court returned to him unfiled and to prevent this Court from frustrating Ellerbe's ability to obtain appellate

2

jurisdiction); *In re Ellerbe*, No. 23-1102 (3d Cir. Feb. 3, 2023) (denying petition for writ of mandamus against local television station); *In re Ellerbe*, No. 22-3467 (3d Cir. Feb. 6, 2023) (dismissing petition for writ of mandamus to compel this Court to proceed on "several actions"). It is unclear whether these appellate dismissals are the basis for Ellerbe's claim that the Third Circuit treats his filings "as jokes." (Compl. at 4.)

## II.     STANDARD OF REVIEW

The Court grants Ellerbe leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ellerbe is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.     DISCUSSION**

Ellerbe names as Defendants the Judicial Council for the Third Circuit and the Circuit Executive.  While Ellerbe names "the Circuit Executive" as a Defendant, he fails to allege any facts concerning that individual.[2]  Ellerbe also names the Third Circuit Judicial Council.  Again, he fails to allege any facts concerning an action of the Judicial Council.  Ellerbe does not allege how the Judicial Council or its constituent members violated his constitutional rights.[3]  He only alleges in conclusory terms that unknown others denied him access to the Council.[4]  The claims

---

[2] The Court notes that "the Third Circuit Office of the Circuit Executive provides administrative support to the Judicial Council of the Third Circuit and its various committees.  It also provides direct services, such as technical support and space and facilities assistance, to all the judicial court units in the Circuit."  *See* https://www.ca3.uscourts.gov/circuit-executives-office (last visited Feb. 10, 2023).  Nothing in Ellerbe's Complaint involves the Circuit Executive's role in providing administrative or technical support to the Judicial Council.

[3] Notably, "the statute creating the Council requires that all members be federal judges, and that the judges, in their capacity as Council members, pass judgment on various complaints." *Overton v. Torruella*, 183 F. Supp. 2d 295, 300 (D. Mass. 2001) (holding that the circuit Judicial Council was empowered to decide complaints of judicial misconduct, which was a form of adjudication and fell within scope of functions protected by absolute immunity) (citing 28 U.S.C. §§ 332(a)(1) & 372(c)(6)); *see also* https://www.ca3.uscourts.gov/judicial-council-third-circuit (last visited Feb. 10, 2023).  Even if Ellerbe had alleged that the Judicial Council's actions violated his constitutional rights, acts taken by the Judicial Council are judicial in nature and its members would be entitled to absolute judicial immunity.  *Accord Overton*, 183 F. Supp. 2d at 305 ("These actions are thus within the ambit of acts taken in a judge's judicial capacity.").  Also, as an instrumentality of the United States, the Third Circuit Judicial Council is itself entitled to sovereign immunity.  *See Pino v. Vanaskie*, No. 05-1516, 2005 WL 2035843, at *3 (M.D. Pa. Aug. 24, 2005) (holding that "the judicial councils of the various circuit courts are established and governed by 28 U.S.C. § 332, which contains no express waiver of the judicial councils' sovereign immunity.  As Congress has not authorized suits against the Third Circuit Judicial Conference or the United States Judicial Conference, Plaintiff's action against these entities must be also dismissed.").

[4] Ellerbe's conclusory allegation that unknown others denied him access to the Judicial Council fails to state a plausible claim.  *Iqbal*, 556 U.S. at 678 (holding that conclusory allegations do not suffice to allege a plausible claim).  While this allegation may be directed to other employees of the Third Circuit Clerk's Office, as the Court has informed Ellerbe in the past, clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority.

against the Circuit Executive and the Judicial Council are subject to dismissal for this reason.[5] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

An appropriate Order follows dismissing this case with prejudice.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**

---

*Ellerbe v. U.S. Dist. Ct. for E. Dist. of Pennsylvania*, No. 22-4250, 2022 WL 17177481, at *3 (E.D. Pa. Nov. 23, 2022) (holding that, since Ellerbe is the subject of prefiling injunction orders, the Clerk of Court's action returning Ellerbe's pleading was an action pursuant to court directive for which the Clerk enjoys absolute immunity (citations omitted).)

[5] To the extent Ellerbe seeks mandamus relief, that claim must be dismissed for an additional reason. For a district court to have subject matter jurisdiction to compel the action of an individual pursuant to the mandamus statute, 28 U.S.C. § 1361, the defendant must be "an officer or employee of the United States or any agency thereof." *See Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014). The United States Court of Appeals for the Third Circuit has concluded, "in determining whether an individual qualifies as an officer or employee of the United States or any agency thereof, . . . that Congress, in enacting § 1361 was thinking solely in terms of the executive branch." *Mendez v. Plaskett*, 764 F. App'x 201, 202 (3d Cir. 2019) (internal citations and quotations omitted). Consequently, courts have held that § 1361 does not confer subject matter jurisdiction on federal district courts to compel the actions of judges and judicial employees. *See Semper*, 747 F.3d at 250-51 (citing *Trackwell v. United States Government*, 472 F.3d 1242, 1246 (10th Cir. 2007) (noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable" and holding that the Supreme Court is not an "'agency' within the meaning of § 1361")).